ELI M. BRUCE, Appellant, v. JOHN H. ANDREWS, Respondent.

*Bailment—Factor—Lien.*—Where, by the terms of the agreement between the factor and his consignor, the proceeds of the sale of goods consigned are to be remitted to the consignor, the factor has no property in the goods consigned by the bill of lading, as against an attaching creditor of the consignor, until the goods come into his actual possession. This case distinguished from that of Vallé et al. v. Cerré's Adm'r, *ante* p. 575.

*Appeal from St. Louis Circuit Court.*

*Mumford,* for appellant.

As a mere question between the consignor and consignee, the moment the whiskey was shipped and the bill of lading made out to Bruce, such property vested in him that it could not be attached by other creditors. (Haille v. Smith et als., 1 Bos. & Pul. 563; Clark v. Marcam, 3 Paige, Ch. 373.) There is nothing in the question attempted to be raised by the defendant's instructions as to a partnership between Bruce and Leach. (17 Mass. 197–204; 1 Binn. 106; 2 Bing. 20.)

*Krum & Decker,* for respondent.

I. The appellant (plaintiff below) failed to show in evidence that he at any time had possession of the property in question. A mere consignment of goods to a factor gives him no *lien* for advances on previous consignments until such goods actually arrive and come to the factor's posses-

sion. (Sto. Ag. 386; 1 Liver. 38–51; Bank of Rochester v. Jones, 4 Comst. 497; Winter v. Coit, 3 Seld. 288.)

II. The written agreement given in evidence by the plaintiff tends to show a *quasi* partnership between the plaintiff Leach and the witness Withers.

Holmes, Judge, delivered the opinion of· the court.

The plaintiff replevied the goods out of the hands of the sheriff, who had seized them the day before under an attachment. They had been consigned by bill of lading to the plaintiff, a commission merchant at St. Louis, and were attached on board the steamer lying at the wharf at St. Louis, before any actual delivery to the consignee. The evidence for the plaintiff showed that the goods were owned by a partnership firm, at Warsaw, Ill., of which Samuel Leach, the consignor, was the principal member; that the plaintiff Bruce, in November, 1859, had advanced to Samuel Leach the sum of $10,000, for which he had taken a note, secured on real and personal estate, the money to be applied, under a written contract, to the purchase of the mill and of grain and materials for the manufacture of whiskey; and that it was agreed that the whiskey, as it was manufactured, should be shipped and consigned to the plaintiff to be sold on commission, and the proceeds of every sale remitted to Leach at Warsaw, as soon as realized, with the condition that at the end of every six months the net profits of the mill should be credited on the $10,000 note, and be so accounted for to said Bruce, if he should so elect; and the book-keeper of Leach was to render a balance sheet of the business, showing the net profits, at the end of every six months. There were various other stipulations which it is unnecessary to notice here. The goods were attached as the property of Leach.

It is plain that the plaintiff relied on the securities he had taken for the money loaned or advanced, and that there was no arrangement or agreement, whereby the plaintiff was to

have a lien, or any property in the shipments of whiskey, before they should come into his possession, whether for a balance of account for previous advances, or for any advance or acceptance made on the faith of the particular consignment or of any future consignments. In this respect the case is widely distinguishable from that of Vallé v. Cerré's Adm'r, decided at the present term. By the express terms of the contract, the shipments of whiskey were to be sold on commission for account of the consignor, and the proceeds of each sale were to be remitted to the consignor, and it was only the net profits of the milling business that were to be credited on the plaintiff's note of $10,000, upon a balance sheet rendered of such profits, every six months, if he should elect to have them so appropriated. Under this arrangement, there can be no pretence for saying, that the property in the goods vested in the consignee on delivery to the carrier; nor that he had any lien or property in them before actual delivery to himself. At the time when the goods were attached, he had only the naked legal title which was given by the bill of lading, the whole beneficial interest; a general property remained in the consignor, and as such it was clearly liable to attachment at the suit of his creditor.

No exceptions were saved in the bill of exceptions to any rulings of the court upon the evidence, or upon the instructions, and without such exceptions no points in them can be raised by a motion for a new trial; nor have we found any error in the record in these matters. Among the reasons assigned for the motion for a new trial, it is claimed that the verdict was against the law and the evidence, and that the justification set up by the defendant in his answer was unsupported by the evidence.

We do not see any ground for these objections. The verdict seems to have been well warranted by both law and evidence.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.